# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MICHAEL J. GARCIA,**

        Petitioner,

**v**.                                        **Civil Action No.:5:20-cv-134**
                                                    **(Judge Bailey)**

**J.R. BELL,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 6, 2020, Michael Garcia, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Northern District of Ohio. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

On May 25, 2016, a federal grand jury returned a one-count Indictment charging

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Garcia, 1:16-cr-00169-DCN.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

the petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). [Doc.1]. The indictment also alleged an enhanced penalty under the ACCA, based on the Petitioner's previous convictions for assault on a police officer, domestic violence, and aggravated robbery. On February 8, 2017, following a two-day trial, the jury returned a unanimous verdict finding the petitioner guilty of the charge in the indictment. The U.S. Pretrial and Probation Office subsequently prepared a Presentence Investigation Report ("PSR"), in which it determined that the petitioner qualified as an armed career criminal under the ACCA based on at least three prior qualifying convictions. As a result, the PSR indicated that the petitioner's base offense level was 34 and that he was subject to a mandatory minimum sentence of 15 years imprisonment. With a total offense level of 34 and a Criminal History Category of VI, the petitioner's Guidelines imprisonment range was 262 to 327 months

The petitioner objected to the armed career criminal enhancement, arguing that none of his prior convictions constituted violent felonies under the ACCA. The government filed a sentencing memorandum describing recent Sixth Circuit cases finding that the petitioner's prior convictions for assault on a police officer, domestic violence, and aggravated robbery were violent felonies under the ACCA. [Doc. 42]. At the sentencing hearing on June 1, 2017, the government summarized the memorandum, noting that the Sixth Circuit had held that all of the Petitioner's prior crimes of conviction were predicate offenses post-<u>Johnson</u>. The Court overruled the petitioner's objections to the ACCA designation, specifically finding that all of the convictions listed in the PSR were valid predicate offenses. After overruling the petitioner's objections, the Court sentenced him to 300 months imprisonment, five years

supervised release, and $100 special assessment. [Doc. 45].

On June 7, 2017, the petitioner timely appealed his conviction and sentence to the Sixth Circuit. [Doc. 46]. On appeal, the petitioner challenged the sufficiency of the trial evidence establishing his possession of a firearm as well as the Court's imposition at sentencing of an obstruction of justice enhancement under U.S.S.G. 3C1.1. The petitioner did not make any arguments regarding his status as an armed career criminal or otherwise challenging the validity of his prior convictions for ACCA purposes. On March 22, 2018, the Sixth Circuit affirmed the District Court's conviction and sentence. [Doc. 56]. On June 18, 2018, the petitioner petitioned the Supreme Court for a writ of certiorari [Doc. 57], which was denied on October 1, 2018. [Doc. 58].

On July 22, 2019, the petitioner timely filed a Motion to Vacate under 28 U.S.C. § 2255. [Doc. 59]. The petitioner claimed that, in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 576 U.S. 591 (2015), which rendered the residual clause of the ACCA to be unconstitutionally vague, his prior convictions for felonious assault no longer qualified as violent felonies. Because the petitioner did not raise a <u>Johnson</u>-based claim on appeal, the court determined he was procedurally barred from raising the claim on collateral review. On September 13, 2019, the Court entered a Memorandum Opinion denying the § 2255 motion and declining to issue a certificate of appealability. [Doc. 62]. On January 13, 2020, the Sixth Circuit denied the petitioner's application for a certificate of appealability. [Doc. 65].

### III. STANDARD OF REVIEW

A. **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local

3

rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV. CLAIMS OF THE PETITION

The petitioner alleges that he can no longer be convicted under 18 U.S.C. § 922(g)(1) following the decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). More specifically, the petitioner alleges that the government failed to establish proof of an essential element of the crime. He also alleges that he is "actually innocent" of any

crime because he did not have the "knowledge" required to sustain a conviction. For relief, the petitioner requests that his conviction be vacated and dismissed with prejudice. In the alternative, he requests that this case be remanded to the District Court with instructions.

## V.　APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be

filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[2] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

6

>(1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
>(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
>(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## VI.   ANALYSIS

Although the petitioner has not raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

In Rehaif, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university

7

or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2008) (citing United States v. Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191). Therefore, the first prong of the Jones test is satisfied.

However, the petitioner cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Swindall v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No.

5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense and therefore he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019) see also Moss, 2019 WL 7284989, at *6-7. [3]

Consequently, because the petitioner attacks the validity of his conviction and sentence and fails to establish that he meets all the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VII.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF**

---

[3] in addition, under Sixth Circuit law, the "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against using a § 2241 petition to challenge a conviction or sentence. Truss v. Davis, 115 F. App'x 317, 210 (6th Cir. 2011). To properly invoke the savings clause, a petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after his conviction became final, the United States Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the criminal statute under which he was convicted, in a manner that establishes that his conduct did not violate the statute after all. Wooten v. Cauley, 677 F.3d 303, 307-08 (6th Cir. 2012). To date, the United States Supreme Court has not ruled that Rehaif is retroactive. Therefore, the petitioner cannot meet the savings clause as interpreted by the Sixth Circuit.

**JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: September 11, 2020

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE